1
2
3
4
5
6                    **IN THE UNITED STATES DISTRICT COURT**
7                      **FOR THE DISTRICT OF ARIZONA**
8
9    Maximiliano Serrano Garcia,                No. CV-13-01787-PHX-JJT (BSB)
10                        Petitioner,            **REPORT AND**
                                                **RECOMMENDATION**
11   v.
12   Charles L. Ryan, et al.,
13                        Respondents.
14
15

16          Maximiliano Serrano Garcia (Petitioner) has filed an Amended Petition for Writ of
17   Habeas Corpus, pursuant to 28 U.S.C. § 2254, arguing that his guilty plea was  invalid
18   (Ground One), the prosecutor breached the plea agreement (Ground Two), the trial court
19   violated its duty to advise him at sentencing (Ground Three), and ineffective assistance of
20   trial counsel (Ground Four).  (Doc. 8 at 7-10.)  Respondents argue that Grounds One and
21   Four are procedurally defaulted and barred from federal habeas corpus review.  (Doc. 16
22   at 14.)  They further argue that Ground Two lacks merit and that Ground Three is not
23   cognizable  on  federal  habeas  corpus  review  and,  alternatively,  lacks  merit.    (*Id.*)
24   Petitioner has not filed a reply in support of his Amended Petition and the deadline for
25   doing so has passed.  (Docs. 9, 13.)  For the reasons below, the Court recommends that
26   the Amended Petition be denied.
27   ///
28   ///

## I.     Factual and Procedural Background

### A.     Charges, Guilty Plea, and Sentencing

On August 15, 2007, Petitioner was indicted on three counts of sexual conduct with a minor, class two felonies and dangerous crimes against children (Counts One, Two, and Three), and three counts of molestation of a child, class two felonies and dangerous crimes against children (Counts Four, Five, and Six).  (Doc. 16, Ex. A.)  The charges involved criminal conduct against two victims.  (*Id.*)

On April 24, 2008, Petitioner entered a plea agreement and pleaded guilty to Count Three, sexual conduct with a minor under the age of fifteen, a class two felony and dangerous crime against children in the first degree, and to amended Counts One and Six attempted child molestation, class three felonies and dangerous crimes against children in the second degree.  (Doc. 16, Ex. C at 15-16, Ex. D.)

At the sentencing hearing, on May 22, 2008, the trial court heard victim impact evidence, including statements from the victims' mother describing the harm Petitioner had done to her sons (Petitioner's stepsons), and urging the trial court to impose "the maximum amount of time" to punish Petitioner and to protect others from being similarly victimized.   (Doc. 16, Ex. E at 5-8.)   On Count Three, the trial court imposed the maximum stipulated sentence provided for in the plea agreement, twenty-seven years' imprisonment.  (Doc. 16, Ex. E at 15.)  The trial court stated that "Count 3 of the plea agreement does call for [a] stipulated sentence between 20 to 27 years.  I do find that the situation here, the aggravating factor of the two separate victims, different occasions, and I guess the most difficult part . . . is the trust that you violated with children that loved you and looked to you as a father figure.  For those reasons, I am going to impose the sentence of 27 years in the Department of Corrections as to Count 3."  (*Id.*; Ex. F, at 2.)  The trial court sentenced Petitioner to lifetime probation for his convictions on Counts One and Six.  (Doc. 16, Ex. E at 16; Ex. F at 2.)

///

///

### B.    Post-Conviction Proceedings

On August 18, 2008, Petitioner filed a notice of post-conviction relief, and the trial court appointed counsel.  (Doc. 16, Exs. H, I.)  On March 23, 2009, Petitioner's counsel filed a petition for post-conviction relief (Doc. 8 at 49-50, Doc. 8-1 at 1-13)[1] raising the following claims:  (1) Petitioner's guilty plea was not voluntary, knowing, or intelligent because he was never informed that his sentence on Count Three was statutorily required to be served as "flat time" (Doc. 8-1 at 2-7); (2) the trial court had an independent duty under Arizona Rule of Criminal procedure 17.2(b) to inform Petitioner that Arizona law required him to serve a "flat sentence" for his conviction on Count Three (Doc. 8-1 at 4); (3) trial counsel was ineffective for failing to advise Petitioner that his sentence on Count Three would be served as flat time (Doc. 8-1 at 7-8); and (4) the prosecutor "breached the spirit of the plea agreement" by failing to follow through on her representation that she would "look favorably upon a guilty plea" when recommending a sentence to the trial court.  (Doc. 8-1 at 8.)

On November 20, 2009, the trial court rejected Petitioner's assertion that his guilty plea was not voluntary, knowing, or intelligent and his claim that the trial court had an independent duty under Rule 17.2(b) to explain the impact of Ariz. Rev. Stat. § 13-604.01 on his sentence on Count Three.[2]  (Doc. 8-2 at 18-20.)  The court found that, even though the trial court did not explain the impact of Ariz. Rev. Stat. § 13-604.01, the plea colloquy complied with Rule 17.2(b) because § 13-604.01 created a general, not a

---

[1]  Because the documents that Petitioner filed to support his Amended Petition are not always completely contained in a single attachment (for example, the first two pages of the petition for post-conviction are attached to the Amended Petition and the remaining pages are located at attachment one to the Amended Petition), the Court cites to the CM/ECF document and page numbers.

[2]  Rule 17.2(b) requires the trial court to inform a defendant of "any special conditions regarding sentence, parole, or commutation imposed by statute."

Although Arizona Revised Statute § 13-604.01 was later renumbered as § 13-705, the Court refers to the statute as it was identified at the time of Petitioner's trial and post-conviction proceedings.

special, sentencing condition. (Doc. 8-3 at 19-20.) The trial court also found that the plea colloquy complied with Rule 17.2(b) because Petitioner was aware of his sentencing exposure under the plea agreement, and he was advised of, and understood, the maximum and minimum sentences he could receive. (*Id.*) However, the trial court found that Petitioner had presented a colorable claim of ineffective assistance of trial counsel based on counsel's alleged failure to inform him of the effect of Ariz. Rev. Stat. § 13-604.01 on his sentence of Count Three, and granted an evidentiary hearing on that issue. (Doc. 8-2, at 20.) In a separate minute entry, the court dismissed Petitioner's claim that the prosecutor had breached the "spirit" of the plea agreement as not colorable. (Doc. 16, Ex. K.)

On March 30, 2010, the trial court held an evidentiary hearing on Petitioner's claim of ineffective assistance of trial counsel. (Doc. 8-3 at 47-48; Doc. 8-4 at 40-50; Doc. 8-5 at 1-50; and Doc. 8-6 at 1-23.) After the hearing, on July 15, 2010, the trial court denied Petitioner's ineffective assistance of counsel claim, and dismissed his petition for post-conviction relief. (Doc. 8-3 at 50; Doc. 8-4 at 1-2.) The court found that Petitioner's claim failed because Petitioner had not established that he was prejudiced by trial counsel's allegedly deficient performance. (Doc. 8-4 at 1-2.)

On September 14, 2010, Petitioner filed a petition for review from the trial court's denial of his petition for post-conviction relief in the Arizona Court of Appeals. (Doc. 8 at 19-37; Doc. 16, Ex. L.) Petitioner raised two issues for review: (1) whether the trial court had a duty under Rule 17.2(b) to inform Petitioner that the crime of sexual conduct with a minor (Count Three) imposed a special sentencing condition that mandated that the Petitioner serve a "flat sentence" (Doc. 8 at 29-32); and (2) whether the trial court erred by summarily denying his claim that the prosecutor had breached the spirit of the plea agreement without holding an evidentiary hearing on that issue. (Doc. 8 at 32-34.) On June 1, 2012, the court of appeals summarily denied Petitioner's petition for review. (Doc. 8 at 17.) On August 1, 2012, Petitioner filed a petition for review in the Arizona

Supreme Court (Doc. 16, Ex. M), which the court denied on December 12, 2012.  (Doc. 8 at 15.)

### C.    Federal Petition for Writ of Habeas Corpus

On December 11, 2013, Petitioner filed a timely petition for writ of habeas corpus in this Court raising four grounds for relief: (1) his guilty plea was not voluntary, knowing, or intelligent because he was not informed by the trial court, the prosecutor, or his attorney that, pursuant to Ariz. Rev. Stat. § 13-604.01, he was required to serve his entire sentence on Count Three and that he was not eligible for earned release credit ("flat time"); (2) the prosecutor breached the "spirit" of the plea agreement by recommending an aggravated sentence at the sentencing hearing; (3) the trial court had an independent duty to inform him that Ariz. Rev. Stat. § 13-604.01 required his sentence on Count Three to be "flat time"; and (4) trial counsel was ineffective for failing to inform Petitioner that his sentence on Count Three was statutorily required to be served as "flat time." [3]  (Doc. 8 at 7-10.)  As discussed below, Grounds One and Four are procedurally barred from federal habeas corpus review, Ground Two lacks merit, and Ground Three is not cognizable on federal habeas corpus review.

## II.    Exhaustion and Procedural Bar

Ordinarily, a federal court may not grant a petition for writ of habeas corpus unless the petitioner has exhausted available state remedies.  28 U.S.C. § 2254(b).  To exhaust state remedies, a petitioner must afford the state courts the opportunity to rule upon the merits of his federal claims by "fairly presenting" them to the state's "highest" court in a procedurally appropriate manner.  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) ("[t]o provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court . . . thereby alerting that court to the federal nature of the claim"); *Castille v. Peoples*, 489 U.S. 346, 349 (1989) (same); *Crowell v. Knowles*, 483 F. Supp. 2d 925, 931-33 (D. Ariz. 2007) (stating that, in

---

[3]  Because Respondents state that the Amended Petition, filed December 11, 2013, was timely filed under 28 U.S.C. § 2244(d)(1)(A), the Court does not further address the statute of limitations for filing petitions under 28 U.S.C. § 2254.  (Doc. 16 at 10 n.5.)

1    Arizona, unless a prisoner has been sentenced to death, the "highest court" requirement is

2    satisfied if the petitioner has presented his federal claim to the Arizona Court of Appeals

3    either through the direct appeal process or post-conviction proceedings).   A claim has

4    been fairly presented if the petitioner has described both the operative facts and the

5    federal legal theory on which his claim is based.  *See Baldwin*, 541 U.S. at 33.  A "state

6    prisoner does not 'fairly present' a claim to a state court if that court must read beyond a

7    petition or brief . . . that does not alert it to the presence of a federal claim in order to find

8    material, such as a lower court opinion in the case, that does so."  *Id.* at 31-32.  Thus, "a

9    petitioner fairly and fully presents a claim to the state court for purposes of satisfying the

10   exhaustion requirement if he presents the claim: (1) to the proper forum . . . (2) through

11   the proper vehicle, . . . and (3) by providing the proper factual and legal basis for the

12   claim."  *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005) (internal citations

13   omitted).

14          The requirement that a petitioner exhaust available state court remedies promotes

15   comity by ensuring that the state courts have the first opportunity to address alleged

16   violations of a state prisoner's federal rights.  *See Duncan v. Walker*, 533 U.S. 167, 178

17   (2001); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).  Principles of comity also

18   require federal courts to respect state procedural bars to review of a habeas petitioner's

19   claims.  *See Coleman*, 501 at 731 32.  Pursuant to these principles, a habeas petitioner's

20   claims may be precluded from federal review in two situations.

21          First, a claim may be procedurally defaulted and barred from federal habeas

22   corpus review when a petitioner failed to present his federal claims to the state court, but

23   returning to state court would be "futile" because the state court's procedural rules, such

24   as waiver or preclusion, would bar consideration of the previously unraised claims.  *See*

25   *Teague v. Lane*, 489 U.S. 288, 297-99 (1989); *Beaty v. Stewart*, 303 F.3d 975, 987 (9th

26   Cir. 2002).  If no state remedies are currently available, a claim is technically exhausted,

27   but procedurally defaulted.  *Coleman*, 501 U.S. at 732, 735 n.1.

28

Second, a claim may be procedurally barred when a petitioner raised a claim in state court, but the state court found the claim barred on state procedural grounds. *See Beard v. Kindler*, 558 U.S. 53 (2009). "[A] habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claim has deprived the state courts of an opportunity to address those claims in the first instance." *Coleman*, 501 U.S. at 731-32. In this situation, federal habeas corpus review is precluded if the state court opinion relies "on a state-law ground that is both 'independent' of the merits of the federal claim and an 'adequate' basis for the court's decision." *Harris v. Reed*, 489 U.S. 255, 260 (1989).

A state procedural ruling is "independent" if the application of the bar does not depend on an antecedent ruling on the merits of the federal claim. *See Stewart v. Smith*, 536 U.S. 856, 860 (2002); *Ake v. Oklahoma*, 470 U.S. 68, 74-75 (1985). A state court's application of the procedural bar is "adequate" if it is "strictly or regularly followed." *See Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994). If the state court occasionally excuses non-compliance with a procedural rule, that does not render its procedural bar inadequate. *See Dugger v. Adams*, 489 U.S. 401, 410-12 n.6 (1989). "The independent and adequate state ground doctrine ensures that the States' interest in correcting their own mistakes is respected in all federal habeas cases." *Coleman*, 501 U.S. at 732. Although a procedurally barred claim has been exhausted, as a matter of comity, the federal court will decline to consider the merits of that claim. *See id*. at 729-32.

However, because the doctrine of procedural default is based on comity, not jurisdiction, federal courts retain the power to consider the merits of procedurally defaulted claims. *See Reed v. Ross*, 468 U.S. 1, 9 (1984). Generally, a federal court will not review the merits of a procedurally defaulted claim unless a petitioner demonstrates "cause" for the failure to properly exhaust the claim in state court and "prejudice" from the alleged constitutional violation, or shows that a "fundamental miscarriage of justice" would result if the claim were not heard on the merits. *Coleman*, 501 U.S. at 750. Additionally, pursuant to 28 U.S.C. § 2254(b)(2), the court may dismiss plainly meritless

1  claims regardless of whether the claim was properly exhausted in state court.  *See Rhines*

2  *v. Weber*, 544 U.S. 269, 277 (2005) (holding that a stay is inappropriate in federal court

3  to allow claims to be raised in state court if they are subject to dismissal under

4  § 2254(b)(2) as "plainly meritless").

5  **III.    Grounds One and Four**

6      **A.    Ground One was not Fairly Presented to the State Courts**

7         In Ground One, Petitioner asserts that his guilty plea was not voluntary,

8  intelligent, or knowing because he was not advised by the trial court, the prosecutor, or

9  trial counsel that his sentence on Count Three was statutorily required to be served as

10  "flat time."  (Doc. 8 at 7.)  Respondents argue that Ground One is barred from federal

11  habeas corpus review because Petitioner did not present that particular claim to the

12  Arizona Court of Appeals.  (Doc. 16 at 10.)

13         Petitioner raised his challenge to the voluntariness of his guilty plea in his petition

14  for post-conviction relief.  (Doc. 8-1 at 2-6)  After the trial court denied relief on that

15  claim, he petitioned for review in the Arizona Court of Appeals.  (Doc. 8 at 19-37.)  On

16  appeal, Petitioner argued that the trial court had an independent duty under Rule 17.2(b)

17  to inform him that his sentence on Count Three would be "flat time" because this

18  condition, imposed by Ariz. Rev. Stat. § 13-604.01, was a special sentencing condition.

19  (Doc. 8 at 29-34.)  Petitioner, however, did not challenge the voluntariness of his guilty

20  plea in the court of appeals and did not cite federal law to support his claim.  (*Id.*)

21         Accordingly, Petitioner did not fairly present his federal claim that his plea was

22  involuntary to the state courts.  *See Crowell*, 483 F. Supp. 2d at 931-33.  To the extent

23  that Petitioner challenged his guilty plea based on the trial court's violation of state law

24  (Rule 17.2(b)), the presentation of a state law claim was insufficient to fairly present a

25  federal claim on direct appeal, even if the federal basis of the claim was "self-evident."

26  *See Lacy v. Belleque*, 2010 WL 3866719, at *3 (D. Or. Sept. 21, 2010) (the petitioner's

27  presentation of a state-law challenge to the sufficiency of the evidence on appeal did not

28  fairly present a federal sufficiency of the evidence claim and such a claim was barred

1    from § 2254 review).   Thus, Petitioner did not properly exhaust Ground One and as

2    discussed in Section III.C, that claim is procedurally barred from federal habeas corpus

3    review.

4    **B.    Ground Four was not Fairly Presented to the State Courts**

5           In Ground Four, Petitioner argues that trial counsel was ineffective because his

6    advice regarding the guilty plea was based on his misunderstanding of the sentencing

7    statute, Ariz. Rev. Stat. § 13-604.01.   (Doc. 8 at 10.)   Petitioner presented this claim in

8    his petition for post-conviction relief.   (Doc. 8-1 at 7-8.)   After conducting an evidentiary

9    hearing, the court denied relief on this claim.   (Doc. 8-3 at 50, Doc. 8-4 at 1-2.)   Although

10   Petitioner sought review in the appellate court of the trial court's denial of his petition for

11   post-conviction relief, he did not raise the claim of ineffective assistance of counsel that

12   he presents in Ground Four.   (Doc. 8 at 19-37.)   Accordingly, he did not fairly present

13   that claim to the state courts.   *See Crowell*, 483 F. Supp. 2d at 931-33.   As discussed in

14   Section III.C, that claim is procedurally barred from federal habeas corpus review.

15   **C.    Grounds One and Four are Procedurally Barred**

16          As stated above, Petitioner did not fairly present Grounds One and Four to the

17   state courts.   It would be futile for Petitioner to return to the state court to try to exhaust

18   Grounds One and Four because a successive petition for post-conviction relief would be

19   untimely, and the claims in Grounds One and Four would also be precluded from Rule 32

20   review because they could have been raised in Petitioner's prior post-conviction

21   proceeding.   *See* Ariz. R. Crim. P. 32.2(a)(3) and 32.4(a); *see also State v. Bennett*, 146

22   P.3d 63, 67 (2006) ("As a general rule, when ineffective assistance of counsel claims are

23   raised, or could have been raised, in a Rule 32 post-conviction proceeding, subsequent

24   claims of ineffective assistance will be deemed waived and precluded.") (internal

25   quotation omitted).   Accordingly, Grounds One and Four are technically exhausted and

26   procedurally defaulted.   *See McKinney v. Ryan*, 730 F.3d 903, 913 n.6 (9th Cir. 2013)

27   (finding claims procedurally defaulted because petitioner was barred from exhausting his

28   claims in the first instance by Rules 32.2(a)(3) and 32.4(a)); *see also Boerckel*, 526 U.S.

at 848.  As discussed below in section III.D, Petitioner has not established any basis to excuse the procedural bar to habeas corpus review of Grounds One and Four.

### D.   Petitioner has not Overcome the Procedural Bar

Because Petitioner's claims in Grounds One and Four are procedurally barred, federal habeas corpus review is unavailable unless Petitioner establishes "cause and prejudice" or a "fundamental miscarriage of justice" to overcome the procedural bar.  *See Coleman*, 501 U.S. at 749.  As set forth below, the Court finds that Petitioner has not established a basis to overcome the procedural bar to federal habeas corpus review of Grounds One and Four.  Accordingly, the Court recommends that habeas corpus review of those claims be denied and does not consider the merits of those claims.

### 1.   Fundamental Miscarriage of Justice

A federal court may review the merits of a procedurally defaulted claim if the petitioner demonstrates that failure to consider the merits of that claim will result in a "fundamental miscarriage of justice."  *Schlup v. Delo*, 513 U.S. 298, 327 (1995).  A "fundamental miscarriage of justice" occurs when "'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'"  *Id.* (citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).

To establish a fundamental miscarriage of justice, a petitioner must present "new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial."  *Schlup,* 513 U.S. at 324.  The petitioner has the burden of demonstrating that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence."  *Id.* at 327.  Petitioner does not argue that failure to consider the merits of his claims will result in a fundamental miscarriage of justice (Doc. 8), and thus he has not met *Schlup's* high standard.  Accordingly, this exception does not excuse the procedural bar.

### 2.   Cause and Prejudice

A federal court may review the merits of a procedurally defaulted claim if a petitioner establishes "cause" and "prejudice."  *Coleman*, 501 U.S. at 750.  To establish

"cause," a petitioner must establish that some objective factor external to the defense impeded his efforts to comply with the state's procedural rules. *Teague*, 489 U.S. at 298. A showing of "interference by officials," constitutionally ineffective assistance of counsel, or "that the factual or legal basis for a claim was not reasonably available" may constitute cause. *Murray*, 477 U.S. at 488.

"Prejudice" is actual harm resulting from the constitutional violation or error. *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984). To establish prejudice, a habeas petitioner bears the burden of demonstrating that the alleged constitutional violation "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original); *see Thomas v. Lewis*, 945 F.2d 1119, 1123 (9th Cir. 1991).

If petitioner fails to establish cause for his procedural default, then the court need not consider whether petitioner has shown actual prejudice resulting from the alleged constitutional violations. *Smith v. Murray*, 477 U.S. 527, 533 (1986). Petitioner has not asserted cause or prejudice to overcome the procedural bar to habeas corpus review of his claims asserted in Grounds One and Four. (Doc. 8.)

## IV.   Grounds Two and Three

Respondents state that Petitioner properly exhausted Grounds Two and Three by presenting those claims to the trial and appellate courts on post-conviction review. (Doc. 16 at 14.) Accordingly, the Court considers those claims under the standard of review set forth in 28 U.S.C. § 2254(d).

### A.   Federal Review of Claims Adjudicated in State Court

If a habeas petition includes a claim that was "adjudicated on the merits in State court proceedings," federal court review is limited by § 2254(d). Under § 2254(d)(1), a federal court cannot grant habeas relief unless the petitioner shows: (1) that the state court's decision "was contrary to" federal law as clearly established in the holdings of the United States Supreme Court at the time of the state court decision, *Greene v. Fisher*, __ U.S.__, 132 S. Ct. 38, 43 (2011); or (2) that it "involved an unreasonable application of"

1   such law, § 2254(d)(1); or (3) that it "was based on an unreasonable determination of the

2   facts" in light of the record before the state court.[4]  28 U.S.C. § 2254(d)(2); *Harrington v.*

3   *Richter*, 562 U.S. ___, 131 S. Ct. 770, 785 (2011).  This standard is "difficult to meet."

4   *Richter*, 131 S. Ct. at 786.  It is also a "highly deferential standard for evaluating state

5   court rulings, which demands that state court decisions be given the benefit of the doubt."

6   *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam) (citation and internal

7   quotation marks omitted).

8         To determine whether a state court ruling was "contrary to" or involved an

9   "unreasonable application" of federal law, courts look exclusively to the holdings of the

10  Supreme Court that existed at the time of the state court's decision.  *Greene*, 132 S. Ct. at

11  44.  A state court's decision is "contrary to" federal law if it applies a rule of law "that

12  contradicts the governing law set forth in [Supreme Court] cases or if it confronts a set of

13  facts that are materially indistinguishable from a decision of [the Supreme Court] and

14  nevertheless arrives at a result different from [Supreme Court] precedent."  *Mitchell v.*

15  *Esparza*, 540 U.S 12, 14 (2003) (citations omitted).

16        A state court decision is an "unreasonable application of" federal law if the court

17  identifies the correct legal rule, but unreasonably applies that rule to the facts of a

18  particular case.  *Brown v. Payton*, 544 U.S. 133, 141 (2005).  "A state court's

19  determination that a claim lacks merit precludes federal habeas relief so long as

20  'fairminded jurists could disagree on the correctness of the state court's decision.'"

21  *Richter*, 131 S. Ct. at 786 (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

22  "[E]valuating whether a rule application was unreasonable requires considering the rule's

23

24        [4]  When applying the standard set out in 28 U.S.C. § 2254(d), the district court
25  considers the "last reasoned state court opinion" of the state court.  *Ylst v. Nunnemaker*,
     501 U.S. 979, 803 (1991).  When a higher state court (such as the Arizona Court of
26  Appeals or the Arizona Supreme Court) denies the claim summarily, the federal court
     looks through to the last reasoned decision.  *See Avila v. Gomez*, 297 F.3d 911, 918 (9th
27  Cir. 2002).  Because the Arizona Court of Appeals summarily affirmed the trial court's
     decision on post-conviction review, the trial court's decision is the last reasoned decision
28  of the state court.  (Doc. 8-2 at 18-20, Doc. 8-3 at 50, Doc. 8-4 at 1-2, Doc. 16, Ex. K.)

1    specificity.  The more general the rule, the more leeway courts have in reaching outcomes

2    in case-by-case determinations."  *Id.*

3          When a state court decision is deemed to be "contrary to" or an "unreasonable

4    application of" clearly established federal law, a petitioner is not entitled to habeas corpus

5    relief unless the erroneous state court ruling also resulted in actual prejudice as defined in

6    *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993).  *See Benn v. Lambert*, 283 F.3d 1040,

7    1052 n.6 (9th Cir. 2002).  "Actual prejudice" means that the constitutional error at issue

8    had a "substantial and injurious effect or influence in determining the jury's verdict."

9    *Brecht*, 507 U.S. at 631.

10         **B.      Ground Two — Breach of Plea Agreement**

11         In Ground Two, Petitioner asserts a due process claim based on his allegation that

12   the prosecutor breached the "spirit" of the plea agreement by recommending an

13   aggravated sentence to the trial court at the sentencing proceeding and thus violating

14   "assurances" to Petitioner and defense counsel that she would request a presumptive

15   sentence.  (Doc. 8 at 8.)   The trial court dismissed this claim because it was not "a

16   colorable claim for relief under Rule 32," and did not hold an evidentiary hearing on that

17   claim.  (Doc. 16, Ex. K); *see* Ariz. R. Crim. P. 32.1.  This summary denial is considered a

18   decision on the merits.[5]  *See Lambert v. Blodgett*, 393 F.3d 943, 969 (9th Cir. 2004)

19   (stating that for purposes of § 2254(d), a state court adjudicated the merits of a

20   petitioner's claim when it denied post-conviction relief based on the substance of the

21   claim rather than based on a procedural or other rule precluding state court review of the

22   merits).  Upon review of this claim, the Court finds that Petitioner has not shown that the

23

24         [5]  When a state court's adjudication on the merits is not supported by the court's
     reasons for its decision, the federal court reviews the complete record to determine
25   whether habeas relief was properly granted.  *See Paradis v. Arave*, 240 F.3d 1169, 1175
     (9th Cir. 2001) (stating that we review de novo the grant of a petition under 28 U.S.C.
26   § 2254).  However, when "a state court's decision is unaccompanied by an explanation,
     the habeas petitioner's burden must still be met by showing there was no reasonable basis
27   for the state court to deny relief."  *Richter*, 131 S. Ct. at 784.

28

1   state court's resolution of Ground Two was contrary to, or an unreasonable application

2   of, Supreme Court precedent, or that it was based on an unreasonable determination of

3   the facts.  *See* 28 U.S.C. § 2254(d).

4       The controlling Supreme Court precedent on Petitioner's breach of the plea

5   agreement claim is *Santobello v. New York*, 404 U.S. 257 (1971).  In *Santobello*, the

6   Court stated that "when a plea rests in any significant degree on a promise or agreement

7   of the prosecutor, so that it can be said to be part of the inducement or consideration, such

8   promise must be fulfilled."  *Id.* at 262.  A petitioner has a high burden of establishing a

9   right to relief on such a claim.  In *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977), the

10   Court explained that the parties' and the trial court's statements at the plea colloquy

11   significantly undermine later claims of promises outside the plea agreement:

12           [T]he representations of the defendant, his lawyer, and the
    prosecutor at [a plea] hearing, as well as any findings made

13           by the judge accepting the plea, constitute a formidable
    barrier in any subsequent collateral proceedings.  Solemn

14           declarations in open court carry a strong presumption of
    verity.  The subsequent presentation of conclusory allegations

15           unsupported by specifics is subject to summary dismissal, as
    are contentions that in the face of the record are wholly

16           incredible.

17   *Blackledge* 431 U.S. at 73-74 (1977) (citations omitted).

18       In this case, the record includes a transcript of the April 11, 2008 settlement

19   conference.  (Doc. 8-1 at 15-29.)  During the settlement conference, the prosecutor

20   explained that because of Petitioner's advanced age and poor health, the State offered

21   him a guilty plea that included a sentencing range of twenty to twenty-seven years on

22   Count Three and lifetime probation on Counts One and Six, which was below the

23   prosecution's "policy" of offering thirty-five-year sentences in similar cases.  (Doc. 8-1 at

24   23.)  The prosecutor stated that the State would not make a "better" offer "given the

25   length of the abuse in this case, which started when [one of the victims] was 7 or 8 years

26   old and continued" for around five years.  (*Id.* at 23-24.)  Petitioner told that court that he

27   did not have any questions about the State's plea offer.  (*Id.* at 24.)

28

1    The prosecutor stated that Petitioner's decision to plead guilty was "a way of at

2    least starting to make amends" to the victims and that she would "consider that" when

3    making her recommendation at sentencing "as to . . . where I am going to fall and

4    whatever sentencing range we get." (Doc. 8-1 at 26.)  At the conclusion of the settlement

5    conference, the court "[gave Petitioner] another chance" to "ask a question of [the

6    prosecutor or defense counsel]." (Doc. 8-1 at 27.)  Petitioner stated that he did not have

7    any questions but thanked the court for the opportunity to ask the lawyers questions. (*Id.*)

8    He then stated that he had a legal background, he understood the plea offer and the

9    consequences of pleading guilty, and he would confer with defense counsel regarding the

10   offer. (Doc. 8-1 at 28.)

11    Petitioner later pleaded guilty pursuant to the plea agreement. (Doc. 8-1 37-39;

12   Doc. 16, Exs. C, D.)  During the change of plea hearing, Petitioner confirmed that he had

13   read and understood the entire plea agreement, discussed it with counsel, and did not

14   have any remaining questions about the plea agreement. (Doc. 16, Ex. C at 9.)  Petitioner

15   confirmed that the plea agreement was the "only agreement he had with the State that

16   would take care of [his] case," and he agreed with "everything" that was in the plea

17   agreement. (*Id.*)   He also stated that he was not forced, threatened, or "promised

18   anything other than what [was] contained in the plea agreement," to enter the plea

19   agreement. (*Id.* at 9-10.)  He confirmed that he understood that if he pleaded guilty, he

20   faced the penalties "listed in paragraph 1 of the plea agreement." (Doc. 16, Ex. C at 10.)

21   The trial court discussed Paragraph One of the plea agreement, which provided that

22   Count Three carried a presumptive sentence of twenty years' imprisonment, a minimum

23   sentence of thirteen years' imprisonment, and a maximum sentence of twenty-seven

24   years' imprisonment. (Doc. 16, Ex. C at 11; Doc. 8-1 at 37.)  It also provided that Counts

25   One and Six each carried a presumptive sentence of ten years' imprisonment, a minimum

26   sentence of five years' imprisonment, and a maximum sentence of fifteen years'

27   imprisonment. (Doc. 8-1 at 37; Doc. 16, Ex. C at 12-14.)

28

1    The trial court also discussed the stipulation in the plea agreement regarding

2   sentencing.  (Doc. 16, Ex. C at 10.)  Petitioner confirmed that he understood that the

3   stipulation provided that he would be sentenced between twenty to twenty-seven years'

4   imprisonment on Count Three and that he would be placed on lifetime probation on

5   Counts One and Six.  (*Id.* at 10-11.)  When the trial court asked Petitioner if he had any

6   questions about the minimum and maximum penalties, Petitioner responded "No."  (*Id.* at

7   12.)  Petitioner also confirmed that he understood the stipulation regarding sentencing.

8   (*Id.* at 14.)

9    During the sentencing hearing, the trial court stated that it had considered the

10   presentence report and the victims' impact statements.  During the hearing, the court

11   heard from the victims' mother, defense counsel, and Petitioner.  (Doc. 16, Ex. E at 4-

12   15.)  The prosecutor asked the court to impose the maximum sentence of twenty-seven

13   years on Count Three.[6]  (Doc. 16, Ex. E at 10.)  The trial court found as aggravating

14   factors the fact that there were "two separate victims, different occasions, and . . . the

15   trust [Petitioner] violated with [the victims who] loved [Petitioner] and looked to [him] as

16   a father figure."  (Doc. 16, Ex. E at 15.)  For those reasons, the trial court sentenced

17   Petitioner to twenty-seven years' imprisonment on Count Three, in accordance with the

18   plea agreement.  (Doc. 16, Ex. E at 15.)

19    In his Amended Petition, Petitioner claims that the prosecutor's recommendation

20   that the court impose twenty-seven years' imprisonment on Count Three violated the

21   "spirit" of the plea agreement because the prosecutor had indicated that she would

22   request a twenty-year prison sentence.  The record does not support Petitioner's claim.

23   Specifically, the transcript of the settlement conference does not support Petitioner's

24   assertion that the prosecutor promised to recommend a twenty-year sentence.  (Doc. 8-1

---

26    [6] The transcript reads, "I am asking you to sentence him to the maximum sentence
27   of 21 years."  (Doc. E at 10.)  Because the plea agreement provided for a maximum
sentence of twenty-seven years on Count Three (Doc. E at 15), the reference to "21
years" appears to be a typographical error or a misstatement by the prosecutor.  Neither
28   party argues that the prosecutor requested anything less than twenty-seven years'
imprisonment at the sentencing hearing.

at 15-29); *see Farrow v. United States*, 580 F.2d 1339, 1361-62 (9th Cir. 1978) (denying habeas relief where the defendant's allegation that his counsel promised him a lenient sentence was "wholly unsubstantiated and refuted by the record").

Additionally, the transcript of the change of plea hearing reflects that Petitioner denied on the record that any promises were made to him, other than the promises contained in the written plea agreement.  (Doc. 16, Ex. C at 10); *see United States v. Rice*, 116 F.3d 267, 268-69 (7th Cir. 1997) (when a defendant contends that he harbored "private expectations" not revealed to the court during the formal exchanges that preceded acceptance of the plea, the judge is entitled to be skeptical).  Petitioner's representations at the time of his guilty plea are not "invariably insurmountable," but together with any findings made by the judge accepting the plea, "constitute a formidable barrier" to his challenge to his guilty plea.  *Blackledge*, 431 U.S. at 73-74.  The court is entitled to rely on Petitioner's testimony at the change of plea hearing over his later assertions regarding the prosecutor's alleged promises related to the guilty plea.  *See United States v. Castello*, 724 F.2d 813, 815 (9th Cir. 1984) ("The court was entitled to credit [the defendant's testimony at the taking of the plea] over her subsequent affidavit.").

Further, Petitioner did not object at sentencing when the prosecutor recommended the maximum sentence on Count Three, and he indicated that he knew he faced twenty to twenty-seven years' imprisonment on that count.  (Doc. 16, Ex. E at 10, 14.)  Petitioner also did not object when the court imposed twenty-seven years' imprisonment on Count Three.  (Doc. 16, Ex. E at 15.)  Petitioner's failure to object at the sentencing hearing supports a finding that the plea agreement was not violated and that there were no misunderstandings about his agreement with the State.  *See United States v. Mims*, 928 F.2d 310, 312-13 (9th Cir. 1991) (rejecting a claim that a defendant's sentence violated a plea agreement, noting the absence of objection at sentencing).

After reviewing the record and the controlling Supreme Court precedent, the Court finds that Petitioner has not shown that the trial court's summary denial of his "breach of

1    plea agreement" claim was contrary to, or involved an unreasonable application of,

2    clearly established Supreme Court precedent.  *See* 28 U.S.C. § 2254(d).  Accordingly,

3    Petitioner is not entitled to relief on Ground Two.

4        **C.    Ground Three — Violation of State Procedural Rule**

5            In Ground Three, Petitioner argues that the trial court had an "independent duty"

6    to inform him of the "flat time" requirement of Ariz. Rev. Stat. § 13-604.01, and that its

7    failure to comply with that duty violated his right to due process under the Fifth and

8    Fourteenth Amendments.  (Doc. 8 at 9.)  On post-conviction review, Petitioner argued

9    that this "independent duty" was mandated by Rule 17.2(b).[7]  (Doc. 8-1 at 4.)  The court,

10   citing state law, concluded that Rule 17.2(b) did not require the trial court to inform

11   Petitioner that, under Ariz. Rev. Stat. § 13-604.01, he would be ineligible for earned

12   release credits.  (Doc. 8-2 at 19-20.)

13           As Respondents argue, Petitioner's claim that the trial court had a duty to inform

14   him of the operation of Arizona's sentencing statute is not cognizable on federal habeas

15   corpus review.  The habeas statute, 28 U.S.C. § 2254, "unambiguously provides that a

16   federal court may issue a writ of habeas corpus to a state prisoner 'only on the ground

17   that he is in custody in violation of the Constitution or laws or treaties of the United

18   States.'"  *Wilson v. Corcoran*, 562 U.S. ___, 131 S. Ct. 13, 15 (2010) (per curiam)

19   (quoting 28 U.S.C. § 2254(a)).  Accordingly, "[a] habeas petition must allege the

20   petitioner's detention violates the constitution, a federal statute or a treaty."  *Franzen v.*

21   *Brinkman*, 877 F.2d 26 (9th Cir. 1989).  "[F]ederal habeas corpus does not lie for errors

22   of state law."  *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers*, 497

23   U.S. 764, 780 (1990)); *see also Gilmore v. Taylor*, 508 U.S. 333, 349 (1993) (stating that

24   "mere error of state law, one that does not rise to the level of a constitutional violation,

25   may not be corrected on federal habeas.").  A habeas petitioner cannot "transform a state

26   law issue into a federal one by merely asserting a violation of due process."  *Poland v.*

27   _____

28           [7]   Rule 17.2(b) requires the trial court to inform a defendant of "any special
     conditions regarding sentence, parole, or commutation imposed by statute."

1    *Stewart*, 169 F.3d 573, 584 (9th Cir. 1999) (quoting *Langford v. Day*, 110 F.3d 1380,

2    1389 (9th Cir. 1996)).

3           Because Ground Three asserts a violation of a state rule of criminal procedure,

4    Rule 17.2(b), it is not cognizable on federal habeas corpus review.   The operation of

5    Rule 17.2(b) and Arizona's sentencing statutes is a matter of state law.  *See Patterson v.*

6    *Ryan*, 2010 WL 1193490, at *11 (D. Ariz. Feb. 24, 2010) (finding that petitioner's claim

7    under Rule 17.2 was not cognizable on federal habeas corpus review).  On habeas corpus

8    review, the Ninth Circuit has refused to consider state law errors in the application of

9    state sentencing law.  *See Souch v. Schaivo*, 289 F.3d 616, 623 (9th Cir. 2002); *Christian*

10   *v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994); *Miller v. Vasquez*, 868 F.2d 1116, 1118-19

11   (9th Cir. 1989) (refusing to examine state's determination that a prior conviction was a

12   serious felony); *Johnson v. Arizona*, 462 F.2d 1352, 1353-54 (9th Cir. 1972) (rules of

13   sentencing adopted by state court do not raise constitutional issues that may be reached

14   by habeas corpus).

15          Accordingly, Petitioner is not entitled to relief on his claim that the trial court had

16   an independent duty under Rule 17.2(b) to advise him that Ariz. Rev. Stat. § 13-604.01

17   required his sentence on Count Three to be served as "flat time."  *See Engle v. Isaac*, 456

18   U.S. 107, 119 (1982) ("A writ of habeas corpus is available under 28 U.S.C. § 2254(a)

19   only on the basis of some transgression of federal law binding on the state courts.");

20   *Poland v. Stewart*, 169 F.3d 573, 584 (9th Cir. 1999) ("Federal habeas courts lack

21   jurisdiction . . . to review state court applications of state procedural rules.").  A state

22   court's refusal to reverse a sentence on state law grounds is not reviewable in federal

23   habeas corpus proceedings.  *See Hendricks v. Zenon*, 993 F.2d 664, 674 (9th Cir. 1993).

24          Moreover, an alleged misapplication of state law results in a due process violation

25   only if the petitioner's sentence is arbitrary and capricious.  *See Richmond v. Lewis*, 506

26   U.S. 40, 50 (1992).  Petitioner has not argued or shown that his sentence was arbitrary

27   and capricious.  *See Kennick v. Superior Court*, 736 F.2d 1277 (9th Cir. 1984) (petitioner

28   did not allege arbitrariness or discrimination).  Therefore, Petitioner's claim asserted in

Ground Three is based on state law and is not cognizable on federal habeas corpus review.

**V.    Conclusion**

As set forth above, the Amended Petition should be denied because Grounds One and Four are procedurally barred from habeas corpus review, Ground Two lacks merit, and Ground Three presents a claim that is not cognizable on federal habeas corpus review.

Accordingly,

**IT IS RECOMMENDED** that the Amended Petition for Writ of Habeas Corpus (Doc. 8) be **DENIED.**

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the procedural ruling debatable or because Petitioner has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1), should not be filed until entry of the District Court's judgment.  The parties have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6 and 72.  Thereafter, the parties have fourteen days within which to file a response to the objections.  Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the District Court's acceptance of the Report and Recommendation without further review.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

/ / /

/ / /

/ /

1       Failure to file timely objections to any factual determination of the Magistrate

2   Judge may be considered a waiver of a party's right to appellate review of the findings of

3   fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

4   *See* Fed. R. Civ. P. 72.

5       Dated this 2nd day of October, 2014.

6

7

8                                               _____

9                                               Bridget S. Bade

10                                   United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28