NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Maximiliano Serrano Garcia,<br><br>　　　　Petitioner,<br><br>v.<br><br>Charles L. Ryan, *et al.*,<br><br>　　　　Respondents. | No. CV-13-01787-PHX-JJT<br><br>**ORDER** |

　　　　At issue are Petitioner Maximiliano Serrano Garcia's *pro se* Amended Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254 (Doc. 8) ("Petition"), and Magistrate Judge Michelle H. Burns's Report and Recommendation (R & R) (Doc. 18), regarding that Petition. The parties filed no objections to Judge Burns's R & R; the Court thus accepts and adopts the R & R as the findings of fact and conclusions of law of this Court and denies the Petition for Writ of Habeas Corpus.

　　　　The events and posture of this case are thoroughly detailed in the R & R, and this Court fully incorporates by reference the "Factual & Procedural Background" section of the R & R into this Order.

　　　　When presented with a magistrate judge's R&R, the district court may "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). Where the parties object to an R & R, "[a] judge of the [district] court shall make a *de novo* determination of those portions of the [R & R] to which objection is made." 28 U.S.C. § 636(b)(1); *see also Thomas v. Arn*, 474 U.S. 140, 149–50 (1985).

When no objection is filed, the district court need not review the R & R *de novo*. *Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005); *United States v. Reyna–Tapia*, 328 F.3d 1114, 1121–22 (9th Cir. 2003) (*en banc*).

The Court will not disturb a magistrate judge's order unless her factual findings are clearly erroneous or her legal conclusions are contrary to law. 28 U.S.C. § 636(b)(1)(A). "[T]he magistrate judge's decision ... is entitled to great deference by the district court." *United States v. Abonce–Barrera*, 257 F.3d 959, 969 (9th Cir. 2001). Failure to raise an objection waives all objections to the magistrate judge's findings of fact, and failure to object to a magistrate judge's conclusion "is a factor to be weighed in considering the propriety of finding waiver of an issue on appeal." *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998) (internal citations omitted).

As the parties have not objected to the R & R, the Court is relieved of its obligation to review it. *See Thomas*, 474 U.S. at 149 ("[Section 636(b)(1) ] does not ... require any review at all ... of any issue that is not the subject of an objection."); *Reyna–Tapia*, 328 F.3d at 1121. Nonetheless, this Court has reviewed the R&R and the record *de novo* and concludes that the R & R is thorough and well-reasoned. It correctly concludes that Grounds One and Four of the Petition are procedurally defaulted and barred from review; Ground Two lacks merit; and Ground Three presents a claim not cognizable on federal *habeas corpus* review. The Court therefore adopts the R & R.

IT IS ORDERED accepting and adopting Magistrate Judge Burns's Report and Recommendation (Doc. 18) as this Court's findings of fact and conclusions of law.

IT IS FURTHER ORDERED dismissing the Amended Petition for Writ of Habeas Corpus (Doc. 8) for the following reasons: Grounds One and Four are procedurally defaulted and barred from *habeas corpus* review; Ground Two lacks merit; and Ground Three presents a claim not cognizable on federal *habeas corpus* review.

//

//

1    IT IS FURTHER ORDERED pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, that should Petitioner file an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's ruling debatable. See 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

IT IS FURTHER ORDERED that the Clerk of the Court shall close this case.

Dated this 10th day of December, 2014.

Honorable John J. Tuchi
United States District Judge